**E-Filed on: <u>January 5, 2011</u>**

FREDERICK SANTACROCE, Esq.
Nevada Bar No. 5121
LAW OFFICES OF FREDERICK SANTACROCE, ESQ.
706 S. 8th St Las Vegas, Nevada 89101
Telephone: (702) 598-1666 Fax: (702) 385-1327
Attorney for Defendants Crown Equity Holdings, Inc.;
Mike Zaman; and Montse Zaman

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JACK FERM, an Individual<br><br>Plaintiff,<br><br>vs.<br><br>Crown Equity Holdings Inc., a Nevada Public Corporation Trading on the Bulletin Board as (OTC: CRWE.OB), and MIKE ZAMAN, an individual, and MONTSE ZAMAN an individual (husband and wife) Claudia McDowell, an individual, Lisa Odom, an individual, The Law firm of McDowell and Odom, a California firm, And including the following Yahoo ID Doe One dimitri_rostonov3, Doe Two karl_chamizer And Doe Three danny_preston45, Plus Doe defendants 4 through 10 Inclusive,<br><br>Defendants. | Case No.: 2:10-cv-02075- GMN-LRL<br><br>**MOTION TO DISMISS AMENDED COMPLAINT** |

## MOTION TO DISMISS AMENDED COMPLAINT

The Defendants Crown Equity Holdings, Inc., Mike Zaman, and Montse Zaman ("Defendants") respectfully request this Court to dismiss Plaintiff's amended complaint ("Amended Complaint") for: (1) failure to join an indispensable party; (2) lack of diversity jurisdiction; and (3) failure to state a claim upon which relief

Santacroce Law Offices, LTD
706 S. 8th St Las Vegas, Nevada 89101
Telephone: (702) 598-1666 Fax: (702) 385-1327

1
2
3
4
5

may be granted. Alternatively, Defendant(s) request this Court strike or dismiss each or any of the individual causes of actions or claims in the Amended Complaint for the reasons as set forth in the accompanying Memorandum in Support of this Motion.

6
7
8

This Motion to Dismiss is made based upon the pleadings and papers on file, the following Memorandum of Points & Authorities, and any argument of counsel to be entertained at the time of hearing of this matter.

9

Dated: January 5, 2011

10
11

FREDERICK SANTACROCE, ESQ.
/s/ Frederick Santacroce

12
13
14
15
16

_____
FREDERICK SANTACROCE, Esq.
Nevada Bar No. 5121
LAW OFFICES OF FREDERICK SANTACROCE, ESQ.
706 S. 8th St Las Vegas, Nevada 89101
Telephone: (702) 598-1666 Fax: (702) 385-1327
Attorney for Defendants Crown Equity Holdings, Inc.;
Mike Zaman; and Montse Zaman

17
18
19
20
21
22
23
24
25
26
27
28

1

# MEMORANDUM OF POINTS & AUTHORITIES

2

## I.   FAILURE TO JOIN AN INDESPENSIBLE PARTY

3

THE LEGAL STANDARD

4

**Fed. R. Civ. P. 19**

5

6

      In determining whether FRCP 19 requires the joinder of additional parties, the

7

court may consider evidence outside of the pleadings.[1]  Such evidence may include,

8

for example, an "affidavit of any person having knowledge bearing upon the existence"

9

of indispensable parties and other documentary evidence. *McShan v. Sherrill*, 283

10

F.2d 462, 463-64 (9th Cir. 1960) (rejecting arguments that the Ninth Circuit not

11

consider a tax assessor's affidavit and a map stipulated at trial as authentic); *Wright &*

12

*Miller*, 5C Fed. Prac. & Proc. Civ. 3d ed. §1364 (2009). The burden of proof is on the

13

party moving for dismissal under FRCP 12(b)(7) and 19. *Sierra Club v. Watt*, 608 F.

14

Supp. 305 (E.D. Cal. 1985). Once the moving party introduces facts which upon

15

"initial appraisal" indicate that the absent party is "arguably indispensable," at that

16

point "the burden devolves upon the party whose interests are adverse to the

17

unjoined party to negate the unjoined party's indispensability to the satisfaction of the

18

court." *Boles v. Greeneville Housing Authority*, 468 F.2d 476 (6th Cir. 1972); *Hood ex*

19

*rel. Mississippi v. City of Memphis, Tenn.*, 570 F.3d 625, 628 (5th Cir. 2009).[2]

20

21

      FRCP 12(b)(7) permits a party to move for the dismissal of a claim for

22

"failure to join a party under FRCP 19." A Rule 12(b)(7) motion requires this

23

---

24

[1] *McShan v. Sherrill*, 283 F.2d 462, 464 (9th Cir. 1960); *see also English v. Cowell*, 10 F.3d
434, 437 (7th Cir. 1993); *Behrens v. Donnelly*, 236 F.R.D. 509, 512 (D. Hawai'i 2006); *Wright*

25

*& Miller*, 5C Fed. Prac. & Proc. Civ. 3d ed. § 1364 (2009).

26

[2] In light of this and based on judicial notice as argued further below, Exhibit "A" is a copy of a
Consulting Agreement by and between River Ridge Holdings, LTD, a Nevada entity ("River

27

Ridge"), and Defendant Crown.  This Agreement is at the center of Plaintiff's First Cause of
Action based on wrongful termination or quasi contract claim(s). Exhibit "B" includes the

28

Subscription Agreements at the heart of Plaintiff's Second, Third, Sixth, Seventh, Eighth and
Ninth Causes of Action.

Santacroce Law Offices, LTD
706 S. 8th St Las Vegas, Nevada 89101
Telephone: (702) 598-1666 Fax: (702) 385-1327

Santacroce Law Offices, LTD
706 S. 8th St Las Vegas, Nevada 89101
Telephone: (702) 598-1666 Fax: (702) 385-1327

Court to make a three-step determination of: (i) whether the absent party is necessary (*i.e.*, whether it ought to be joined under FRCP 19(a)); (ii) whether joinder of the absent party is feasible, and (iii) if not feasible, whether dismissal is appropriate. *E.E.O. C. v. Peabody Western Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2005); *see also Disabled Rights Action Committee v. Las Vegas Events, Inc.*, 375 F.3d 861, 867, 878-79 n.5 (9th Cir. 2004).

**(a)**     **River Ridge Holdings is necessary because Plaintiff's lawsuit is based on contracts to which it is a party.**

In the case at bar, Plaintiffs' cause of action relates directly to certain agreements (the Consulting Agreement and the Subscription Agreements)[3] where the real party in interest, **that is the contracting party**, was in fact, River Ridge. *Plaintiff, on the other hand, was not a party to these agreements at all.*  Any claims related to these contracts regardless of the merit of such claims would belong to River Ridge. Litigation and adjudication of such claims without River Ridge would thus practically prejudice both parties to the contracts.[4]    River Ridge's interests in this case are so affected by this suit as to render it a necessary party.

An absent party's interests are significantly affected, for the purposes of an

---

[3] See Footnote 2.

[4] Note that the absent party is not necessary if its interests are adequately protected by the existing parties to the litigation. *Gibbs Wire and Steel Co., Inc. v. Johnson*, 255 F.R.D. 326, 329-30 (D. Conn. 2009). In the present instance Plaintiff has failed to plead that such an alignment of interests exists between him and River Ridge.  On the other hand, if Plaintiff *were* to argue the absent party's interests are so aligned with the existing parties as to be adequately represented, that often means the absent party is **nonetheless necessary** because it is in privity with an existing party and may be collaterally estopped by the proceedings at issue. *Takeda v. Northwestern Nat. Life Ins. Co.*, 765 F.2d 815, 820-21 (9th Cir. 1985).

- 4 -

FRCP 19 motion, if the plaintiff seeks to invalidate a contract to which the absent person is a party, or if the court's interpretation of that contract may "practically prejudice" the absent party. *Global Discount Travel Services, LLC v. Trans World Airlines, Inc.*, 960 F.Supp. 701, 708 (S.D.N.Y. 1997) (holding that where the court must construe rights and obligation under a contract, the absent party to that contract is necessary). "No procedural principle is more deeply imbedded in the common law than that, in an action to set aside a lease or a contract, all parties who may be affected by the determination of the action are indispensable."[5]

**(b)      *River Ridge, as a necessary party to this lawsuit, must be joined.*****

FRCP 19 requires the court to join a party if one of two criteria is met. Joinder is required if "the court cannot accord complete relief among the existing parties" without the missing party. FRCP 19(a)(1)(A). Alternatively, joinder is required if the missing party claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest. FRCP 19(a)(1)(B); *Kroll v. Incline Village General Imp. Dist.*, 598 F.Supp.2d 1118, 1135 (D.Nev. 2009). Only one of the three grounds must be met for the absentee to be necessary.

The analysis of whether a particular party is necessary and indispensable under

---

[5] *Lomayaktewa v. Hathaway*, 520 F.2d 1324, 1325 (9th Cir. 1975); *see also Kroll*, 598 F.Supp.2d at 1135 (noting that an attack on the contract would render the absent party necessary); *see also Ente*, 744 F.Supp. at 458. In *Lomayaktewa*, the Hopi Tribe leased property to a coal mining company, and a small group of Hopi elders aiming to void the lease sued only the coal mining company. *Lomayaktewa*, 520 F.2d at 1324-25.

Santacroce Law Offices, LTD
706 S. 8th St Las Vegas, Nevada 89101
Telephone: (702) 598-1666 Fax: (702) 385-1327

Santacroce Law Offices, LTD

706 S. 8th St Las Vegas, Nevada 89101
Telephone: (702) 598-1666 Fax: (702) 385-1327

FRCP 19 can only be determined in the context of the particular litigation and on a "pragmatic, case-by-case basis."[6]   The analysis is case-and fact-specific. *Roth v. H.A.T. Painters, Inc.*, 126 F.R.D. 40 at 40, 41 (E.D. Pa. 1989); *Hood ex rel. Mississippi*, 570 F.3d 625 at 628.   Here, River Ridge is a necessary party under FRCP 19 because it is the real party in interest with respect to Plaintiff's alleged claims in at least the First, Second, Third, Sixth, Seventh, Eighth and Ninth causes of action and because its absence would be unduly prejudicial to it and the interests of the Court.

### (c)   <u>River Ridge must be joined because its absence would impair its ability to protect its own interests.</u>

Addressing FRCP 19(a)(1)(B)(i) first, a party is necessary if its absence may impair or impede the absent party's ability to protect its interests. The missing party is prejudiced if its absence from the suit subjects it to a substantial risk of inconsistent obligations or would significantly affect its interests.[7]   In this inquiry, the Court "need not determine with absolute certainty [whether the absent party's] interests would be impaired by non-joinder; rather, it must ask whether such non-joinder 'may as a practical matter' impede his interests." *Professional Hockey Club Cent. Sports Club of the Army v. Detroit Red Wings, Inc.*, 787 F. Supp. 706, 712 n.7 (E.D. Mich. 1992).   As the

---

[6] *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 106-07, 118, 119 n. 16, 88 S.Ct. 733, 736, 742, 743 n. 16 (1968); *Ente Nazionale Idrocarburi v. Prudential Securities Group, Inc.*, 744 F.Supp. 450, 456 (S.D.N.Y. 1990); *Takeda v. Northwestern Nat. Life Ins. Co.*, 765 F.2d 815 (9th Cir. 1985).

[7] *Ente Nazionale*, 744 F. Supp. at 456, 458 (noting that various claims were in dispute in the U.S. and Italy); *Kettle Range Conservation Group v. U.S. Bureau of Land Management*, 150 F.3d 1083 (9th Cir. 1998); *see also Kroll*, 598 F. Supp.2d at 1135. In *Kettle Range*, the Ninth Circuit held that the missing parties were necessary because the plaintiffs' desired relief would directly impact on the missing parties' title to the subject land. In *Kroll*, the District Court distinguished its facts from *Kettle Range* because the plaintiff's desired relief was a grant to plaintiff and others of the right to access certain beach property, minimally affecting the missing parties' rights to also access the same property.

**Santacroce Law Offices, LTD**
706 S. 8th St Las Vegas, Nevada 89101
Telephone: (702) 598-1666 Fax: (702) 385-1327

real party in interest pertaining to most of Plaintiff's causes of action(s) (based on the agreements to which it is the executing party) River Ridge and its interests would be impeded without joinder.

### (d) *River Ridge must be joined because this Court cannot accord complete relief among the existing parties without River Ridge being a party to this suit.*

Under FRCP 19(a)(1)(A), a party is necessary if complete relief cannot be granted in its absence. This factor has two components: whether sufficient relief may be granted and whether judicial economy is better served by joinder of the absent but necessary party.

Here, this Court cannot grant complete and adequate relief to Plaintiff without joining River Ridge.  If this Court were to find in favor of Plaintiff, it could issue a monetary award to Plaintiff with respect claims related to the contracts at issue. Hypothetically, while Plaintiff may be granted some relief by this Court, Rule 19 speaks of "*complete* relief among existing *parties*." **But,** there can be no such relief for Defendants, if River Ridge is not joined as a party. FRCP 19(a)(1)(A)  In sum, it would be difficult if not impossible for this Court to grant complete relief among the parties without joining River Ridge as a party.

### (e) *River Ridge is necessary because its joinder is critical to judicial efficiency and economy.*

In conducting an FRCP 19(a)(1)(A) analysis, the Court must be "concerned with consummate rather than partial or hollow relief as to those already parties, and with precluding multiple lawsuits on the same cause of action." *Peabody Western Coal*, 400 F.3d 774 at 780; *Disabled Rights Action Committee*, 375 F.3d 861 at 879. "The interests that are being furthered" in FRCP 19(a)(1)(A)

"are not only those of the parties, but also that of the public in avoiding repeated lawsuits on the same essential subject matter." FRCP 19, Advisory Committee Notes; *Global Discount*, 960 F. Supp. at 708 (S.D.N.Y. 1997); *see also Republic of Philippines,* 128 S.Ct. at 2193 (stating, vis-à-vis FRCP 19(b), that the "'social interest in the efficient administration of justice and the avoidance of multiple litigation' is an interest that has 'traditionally been thought to support compulsory joinder of absent and potentially adverse claimants'"). That public interest is directly at stake where the lawsuit concerns contract rights and the absent party's contract rights arise out of the same essential subject matter. Global Discount, 960 F. Supp. at 708.

Here, there is no question that the joinder of River Ridge would conserve judicial resources and preclude multiple lawsuits. The Defendants could become a defendant in a concurrent or subsequent lawsuit brought by River Ridge regarding these same facts and claims or other claims for equitable relief.  It is beyond dispute, that the contract or agreements presently at the heart of Plaintiff's Amended Complaint all concern the "same essential subject matter" and must be litigated in one court proceeding.[8]

## II. LACK OF DIVERSITY JURISDICTION

1. **The Court should dismiss the Amended Complaint because River Ridge is an Indispensable Party and its joinder would destroy Diversity Jurisdiction**

River Ridge is a Nevada entity.[9]  Its joinder to this action would destroy diversity jurisdiction **as one or more of the Defendants are Nevada residents**.  Where joinder

---

[8] *Circle Industries, Div. of Nastasi-White, Inc. v. City Federal Sav. Bank*, 749 F.Supp. 447, 456-57 (E.D.N.Y. 1990) (finding a receiver to be a necessary and indispensable party, where it was a primary defendant whose actions were "central" to the causes of action).
[9] See Exhibit "A"

Santacroce Law Offices, LTD
706 S. 8th St Las Vegas, Nevada 89101
Telephone: (702) 598-1666 Fax: (702) 385-1327

of the new party would destroy diversity jurisdiction, joinder is by definition "not feasible." *Professional Hockey Club*, 787 F.Supp. at 711. It is therefore not feasible for this Court to join River Ridge.  When it is not feasible to join a necessary party, the court must determine "in equity and good conscience" whether to dismiss the case or proceed without the necessary party. FRCP 19(b). In making the determination, the significant factors to be considered by the court include:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

The decision as to whether to dismiss "must be based on factors varying with the different cases, some such factors being substantive, some procedural, some compelling by themselves, and some subject to balancing against opposing interests." *Provident Tradesmens*, 390 U.S. at 119, 88 S.Ct. at 743.

The essence of the balancing test called for by Rule 19(b) is the plaintiff's interest in maintaining the suit, on the one hand, against (i) the interests of the defendants and absent party in having it dismissed and (ii) judicial economy and efficiency, on the other hand. *Professional Hockey Club*, 787 F.Supp. at 713; *Global Discount*, 960 F.Supp. at 709.

The Plaintiff's interest boils down to the fourth Rule 19(b) factor: whether there is an adequate alternative forum in which plaintiff may seek relief. *Global Discount*, 960 F.Supp. at 709. The availability of a State Court as an alternative forum weighs "strongly in favor of remand," particularly if the case is "young," discovery "has barely begun," and thus there would be "little duplication of effort." *Takeda*, 765 F.2d at 821. Plaintiffs have earned little sympathy when there is an

Santacroce Law Offices, LTD
706 S. 8th St Las Vegas, Nevada 89101
Telephone: (702) 598-1666 Fax: (702) 385-1327

adequate forum but a necessary party was omitted in the subject action merely for strategic purposes. *Global Discount*, 960 F.Supp. at 709 (observing that the absentee was left out "as a blatant attempt at forum shopping").

FRCP 12(b)(7) and FRCP 19 do not dictate whether the court's dismissal ought to be with or without prejudice. Dismissal is typically without prejudice because a Rule 12(b)(7) motion "operates only to abate the particular action." *Dredge Corp. v. Penny*, 338 F.2d 456, 464 (9th Cir. 1964). Elsewhere, courts have recognized that there are instances in which dismissal with prejudice is appropriate, such as when the Court ordered the plaintiff to join a necessary party and the plaintiff refused. *Sladek v.* Bell,  880 F.2d 972 (7th Cir. 1989) . Here, though Plaintiff was fully aware of the fact that whatever contracts or agreements formed the basis of his so-called claims against Defendants, the contracts or agreements were in fact between River Ridge and Defendant Crown.  It is apparent that his pleadings willfully and intentionally omitted this because he knew he could not represent the Nevada entity as a non-attorney.  (Recall that Plaintiff fashions himself a law graduate earning a J.D and graduating at the top of his class.)  Because of this, it would not be inequitable, under the circumstances, if this Court were to dismiss the Amended Complaint with prejudice.

## III.   PLAINTIF HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

### A.   THE LEGAL STANDARD

### Fed. R. Civ. P. 12(b)(6)

The Federal Rules of Civil Procedure permit a responding party to seek dismissal of a claim, or any part thereof, for "failure to state a claim upon which relief can be granted." *Fed. R. Civ. P. 12(b)(6).* A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to decide whether the facts alleged in the

Santacroce Law Offices, LTD
706 S. 8th St Las Vegas, Nevada 89101
Telephone: (702) 598-1666 Fax: (702) 385-1327

complaint entitle the plaintiff to relief. *Id.* The court need not accept as true conclusory allegations of law made in the complaint, nor must it accept unreasonable inferences or unwarranted deductions of fact. HON. WILLIAM W. SCHWARZER, et al., *Federal Civil Procedure Before Trial § 9*:221 (2000) (citing *In re Delorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993)). In addition, the court need not accept as true conclusory allegations or legal characterizations of counsel. *See W Mining Council v. Watt ,* 643 F.2d 618, 624 (9th Cir. 1981).

Recently, the United States Supreme Court heightened the federal pleading standards governing Rule 12(b)(6) motions. In *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007), the Supreme Court held that notice pleading requires more than a mere legal conclusion to defeat a motion to dismiss. The Supreme Court specifically stated that a plaintiff is obligated "to provide the 'grounds' of his entitle[ment] to relief" beyond mere "labels and conclusions." *Id.* at 555. The Supreme Court also stated that "a formulaic recitation of the elements of a cause of action will not do." *Id.* As a result, a plaintiff must provide "[f]actual allegations . . . enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* More recently, in *Ashcroft v. Iqbal,* 556 U.S. 129 S. Ct. 1937 (2009), the Supreme Court further reaffirmed *Twombly* and clarified that its holding applies in all civil actions in the United States district courts. *Id.* at 1951.

**Fed. R. Civ. P. 8(a)(2)**

Fed. R. Civ. P. 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations within a claim must be enough to raise a right to relief above the speculative level. *5 C. Wright & A. Miller, Federal Practice and Procedure*, § 1216, pp. 235-236 (3d ed. 2004).

In considering a motion to dismiss for failure to state a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to

Santacroce Law Offices, LTD
706 S. 8th St Las Vegas, Nevada 89101
Telephone: (702) 598-1666 Fax: (702) 385-1327

be construed in the light favorable to the non-moving party. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). A dismissal under Fed. R. Civ. P. 12 (b)(6) can be based on the lack of a cognizable theory or the absence of sufficient facts under a cognizable theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-534 (9th Cir. 1984).

**Judicial Notice**

If adjudicative facts or matters of public record meet the requirements of Fed. R. Evid. 201, a court may judicially notice them in deciding a motion to dismiss. *United States v. Richie*, 342 F.3d 903, 908 (9th Cir. 2003); see Fed. R. Evid. 201(b) ("A Judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial Jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.")

This includes allegations made in pleadings, court orders, and other documents filed in other lawsuits.[10] Judicial notice of matters of public record will not convert a Rule 12(b)(6) motion to a summary judgment motion. *Lee*, 250 F.3d at 688. Judicial notice is proper where a fact is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

The Ninth Circuit has indicated that court files may be judicially noticed. *Mullis*

---

[10] See *Burbank-Glendale-Pasadena Airport Authority v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998) (taking judicial notice of pleadings filed in state court action); *Alpha III, Inc. v. City of San Diego*, 187 Fed. Appx. 709, 710, 2006 WL 1876853, (9th Cir. 2006) (taking judicial notice of state court's written opinions and final judgment); *Glenbrook Capital Ltd. Partnership v. Kuo*, 525 F. Supp. 2d 1130, 1137 (N.D. Cal. 2007) (taking judicial notice of state court judgment); *Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939, 950-51 (S.D. Cal. 2007) (taking judicial notice of several relevant state court judgments); *Green v. Warden, U.S. Penitentiary*, 699 F.2d 364, 369 (7th Cir. 1983) (taking judicial notice of litigant's extensive record of litigation and the subject matter of those lawsuits); *Lynch v. Leis*, 382 F.3d 642, 648, fn. 5 (6th Cir. 2004) (taking judicial notice of court records available online to members of the public).

Santacroce Law Offices, LTD
706 S. 8th St Las Vegas, Nevada 89101
Telephone: (702) 598-1666 Fax: (702) 385-1327

*v. United States Bank. Ct.*, 828 F. 2d 1385, 1388, fn. 9 (9th Cir. 1987); see also, *U.S. ex rel Robinson Rancheria Citizens Council v. Borneo, Inc*., 971 F. 2d 244, 248 (9th Cir. 1992)("[W]e 'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'").

The court may also take into account matters of public record, orders, items present in the record of the case, and any exhibits attached to the complaint." *See 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, Civil 2D* § 1356-57 (2d ed. 1990); *see also Coos County Bd. of County Comm'rs v. Kempthorne,* 531 F.3d 792, 811 (9th Cir. 2001). The Court may further "consider documents on which the complaint 'necessarily relies' and whose 'authenticity . . . is not contested." *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001) (citations omitted); *see also Warren v. Fox Family Worldwide, Inc.,* 328 F.3d 1136, 1141 (9th Cir. 2003) (same). A court may also treat certain documents as incorporated by reference into the plaintiff's complaint if . . . the document forms the basis of the plaintiff's claim." *See Committee for Reasonable Regulation of Lake Tahoe v. Tahoe Regional Planning Agency,* 365 F. Supp. 2d 1146, 1153 (D. Nev. 2005).

The documents attached hereto as Exhibits "A" and "B" are included for purposes of establishing the presence of an indispensable party, namely, River Ridge Holdings, LTD and the Court may further consider them as documents on which the complaint necessarily relies and whose authenticity . . . are not contested.  These are the very subscription agreements directly referred to by Plaintiff in his claims as to the purchase of securities and the alleged claims of fraud in conjunction therewith.  For these reasons, Exhibits "A" and "B" are directly related to the civil case in front of this Court. The documents are not subject to reasonable dispute, and, per the standard set forth above, may properly be considered.

They include:

- Exhibit "A" – The River Ridge Consulting Agreement

- 13 -

- Exhibit "B" – The River Ridge Subscription Agreements

Exhibits "C", "D" and "E" include:

- Exhibit "C" – Jack Ferm Blog Biography
- Exhibit "D" – Jack Ferm Web Blog
- Exhibit "E" - State Bar of Nevada Complaint against Jack Ferm for the Unauthorized Practice of Law
- Exhibit "F" - State Bar of Nevada Judgment against Jack Ferm
- Exhibit "G" Jack Ferm Civil/Criminal Case Records
- Exhibit "H" Nevada Attorney General Press Release Re: Jack Ferm

These are each matters of public record. They are directly related to the civil case before this Court and the Court may take judicial notice of these documents.

## 2. The Amended Complaint in its Entirety, Lacks both a Cognizable Legal Theory and Sufficient Facts Alleged Under a Cognizable Legal Theory

In considering a motion to dismiss for failure to state a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the non-moving party. *Russell v. Landrieu*, 621 F.2d 1037 (9th Cir. 1980). A dismissal under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on a question of law. *North Star International v. Arizona Corp. Comm.*, 720 F.2d 578 (9th Cir. 1983). For a defendant-movant to succeed, it must appear to a certainty that a plaintiff will not be entitled to relief under any set of facts that could be proven under the allegations of the complaint. *Halet v. Wand Investment Co.*, 672 F.2d 1305 (9th Cir. 1982). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-534 (9th Cir. 1984).

The Amended Complaint does not meet the standards with respect to Fed. R. Civ. P. 8(a)(2). Plaintiff has not provided Defendant with "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to give the defendant

Santacroce Law Offices, LTD
706 S. 8th St Las Vegas, Nevada 89101
Telephone: (702) 598-1666 Fax: (702) 385-1327

fair notice of what the claim is and the grounds upon which it rests. Plaintiff's factual allegations do not raise a right to relief above the speculative level. Plaintiff has not presented a claim that is "plausible on its face." *Bell Atlantic Corp. v. Twobly*, 550 U.S. 544,127 S. Ct. 1955, 1974 (2007).

Plaintiff has not presented enough relevant information necessary and sufficient to any of his so-called claims to be fairly analyzed. **He simply has not presented a cognizable theory for relief or sufficient facts under a cognizable theory to withstand a motion to dismiss pursuant to Rule 12 (b)(6).** *Robertson*, 749 F.2d at 533-534. The Amended Complaint is all but impossible to read much less understand. It is nothing more than a series of disconnected ramblings reminiscent of a post-modern stream of consciousness novel nobody understands. Defendants are left to merely guess as to what the theory and supporting facts may be, and this does not meet the burden of stating a claim upon which relief can be granted. Perhaps this might be tolerable to this Court given Plaintiff is a *pro se* litigant. But as Exhibits "C", "D" and "E" clearly indicate, Plaintiff has for years held himself out as a law school graduate and has been sanctioned by the Nevada State Bar for the unauthorized practice of law.[11] Exhibit "C" and "D" include his website or blog where he represents in his own biography that he attended Northrop University School of Law and Bernadine University, and received a Law Degree. He also claims that he finished at the top of his class but declined to take the Bar Exam because he believes "the legal system is a fraud that allows members of the Bar an entitlement to steal, lie and forge documents for clients". In light of this Plaintiff should not be allowed the benefit of more liberal pleading standards typically

---

[11] See Exhibits "E" and "F"

Santacroce Law Offices, LTD
706 S. 8th St Las Vegas, Nevada 89101
Telephone: (702) 598-1666 Fax: (702) 385-1327

applicable to *pro-se*, non-law graduates and should be obliged to comply with standards

necessary and sufficient to meet the requirements of Fed. R. Civ. P. 8.

### 3.  Plaintiff's First Cause of Action Fails to State a Claim upon Which Relief May be Granted.

Ferm terms his first cause of action as follows: "<u>Wrongful Termination, Bad Faith Breach of a Quasi Contract: In Retaliation for exercising a basic right</u>. Convoluted at best, this claim or claims is/are incomprehensible.  It appears to be directed to Defendants Mike Zaman, Montse Zaman, and Crown Equity Holdings.  It also appears to be at least two separate claims, namely: (1) wrongful termination; and/or (2) an unjust enrichment or *quasi* contract claim.

### (i)    The Wrongful Termination Claim

Plaintiff describes the nature of the employment relationship at issue to some extent in his Amended Complaint:

32.  In or about January of 2010 Plaintiff was hired by Defendant Mike Zaman to manage and over see the company "News" Department, he was hired as an employee, and as one of four supervisors, he was supervised by the Company CEO, and by Mike Zaman personally, Plaintiff was told what work to do and when to do it, Plaintiff had one subordinate employee that he directed, this employee was provided by the company, and plaintiff was required to work at the CRWE offices on Sahara Avenue, Plaintiff, prepared scripts for Video presentations, edited articles from Pakistan, and created content for CRWE Clients. Each item he completed was directed by the company and was always subject to company approval. For all this Plaintiff was paid at the rate of $5,000 a month, at that time Plaintiff was paid $2,000 in cash and $3,000 a month in Stock, as restricted shares, which is worth substantially less than at the time it was provided.[12]

Nevada recognizes the tort of bad faith discharge where an employer breaches an

implied covenant of good faith and fair dealing, but only in "those rare and exceptional

---

[12] Plaintiff's Amended Complaint, Paragraph 32, Page 17.

- 16 -

Santacroce Law Offices, LTD
706 S. 8th St Las Vegas, Nevada 89101
Telephone: (702) 598-1666 Fax: (702) 385-1327

instances where the employer's conduct goes well beyond the bounds of ordinary breach of contract liability." *Smith v. Cladianos*, 104 Nev. 67, 752 P.2d 233, 235 (1988). The doctrine's application to at-will employees is further restricted to conduct that violates public policy. See *Vancheri*, 777 P.2d at 370; *Smith*, 752 P.2d at 235.13  In the instant matter, Plaintiff does not even claim that a written contract existed between him and any of the Defendants as to employment.  Indeed the amended complaint can only be read in a manner that dictates nothing other than an "at-will" employment relation existed between Plaintiff and Defendant(s).

Nevada recognizes the common law doctrine of employment at-will. *K Mart Corp. v. Ponsock*, 732 P.2d 1364 (Nev.1987). The doctrine provides that "employment for an indefinite term may be terminated at any time for any reason or for no reason by either the employee or the employer without legal liability." *Southwest Gas Corp. v. Ahmad*, 99 Nev. 594, 596, 668 P.2d 261 (1983) (Justice Steffen, dissenting). An employer privileged to terminate an employee at any time necessarily enjoys the lesser privilege of imposing prospective changes in the conditions of employment. *Albrant v. Sterling Furniture Co*., 85 Or. App. 272, 736 P.2d 201, review denied, 304 Or. 55, 742 P.2d 1186 (1987).  At the heart of the at-will employment doctrine is the general rule that at-will employment can be terminated without liability by either the employer or the employee at any time and for any reason or no reason.  *Martin v. Sears, Roebuck & Co.,* 111 Nev. 923, 926, 899 P.2d 551, 553-54 (1995).

### *(ii)   The Quasi Contract Claim*

---

[13] See also, *Newmiller v. Farmers Ins. Exchange*  1991 WL 209630, 1 (C.A.9 (Nev. (C.A.9 (Nev.),1991)

Santacroce Law Offices, LTD

706 S. 8th St Las Vegas, Nevada 89101

Telephone: (702) 598-1666 Fax: (702) 385-1327

In Nevada, the elements of an unjust enrichment claim or "quasi contract" are: (1) a benefit conferred on the defendant by the plaintiff; (2) appreciation of the benefit by the defendant; and (3) acceptance and retention of the benefit by the defendant (4) in circumstances where it would be inequitable to retain the benefit without payment. See *Lease Partners Corp., Inc. v. Robert L. Brooks Trust*, 113 Nev. 747, 942 P.2d 182, 187 (Nev.1997) (quoting *Union America Mortgage & Equity Trust v. McDonald*, 97 Nev. 210, 626 P.2d 1272, 1273 (Nev.1981) (quoting *Dass v. Epplen*, 162 Colo. 60, 424 P.2d 779, 780 (Colo.1967))).[14]

Any claim of *quasi* contract should be dismissed because the Plaintiff has failed to plead the elements necessary for such a claim. Plaintiff has not specified what benefit was conferred upon the defendant (or that any such benefit was indeed conferred). Plaintiff has not pled as to the appreciation of any such benefit by the Defendants. Plaintiff has not pled any circumstances of inequity as to retention of any benefit by Defendants without payment.

Plaintiff's nonsensical claim for *quasi* contract starts with a legal conclusion that a quasi contract is created at the start of the employment relationship. Quoting directly from the Amended Complaint,

> 51. At the time of the employment there was created between Crown Equity Holdings and Plaintiff, a Quasi Contract relationship; the terms of the hiring were employing Plaintiff in good faith, and a promise to deal with Plaintiff fairly and justly, that quasi contract relationship also contains a covenant of good faith and fair dealing based on the employment relationship.

---

[14] See also, *WMCV Phase 3, LLC v. Shushok & McCoy, Inc.* 2010 WL 3942798, 13 (D. Nev.) (D.Nev.,2010)

Santacroce Law Offices, LTD
706 S. 8th St Las Vegas, Nevada 89101
Telephone: (702) 598-1666 Fax: (702) 385-1327

Santacroce Law Offices, LTD
706 S. 8th St Las Vegas, Nevada 89101
Telephone: (702) 598-1666 Fax: (702) 385-1327

52.  A second part of that quasi contract relationship was a promise to reimburse plaintiff for his gas and upkeep for his car as the company required Plaintiff to work at the offices in Las Vegas, and Knew that Plaintiff Lived in St. George, Plaintiff has paid $65.00 a week for gas to travel back and forth, and has gone through a set of tires which costs over $400.00, Plaintiff is entitled to be reimbursed $2,080 in Gas plus $400.00 for tires, or mileage based on the IRS allowance.[15]

The notion that somehow at the <u>inception</u> of an employment relationship a quasi contract between an employer and employee is *automatically* created mandating that an employer reimburse an employee for transportation or vehicle expenses is simply erroneous.   Looking back to Paragraph 32 of the Amended Complaint, no mention is made regarding such expenses nor has Plaintiff claimed anywhere else, that any understanding was reached as to these expenses or that any promise of reimbursement was for these expenses was ever made by any of the Defendants.  This misguided legal conclusion betrays a fundamental misunderstanding of a claim based on unjust enrichment or *quasi* contract theory.  Regardless, it does it support an unjust enrichment claim.

Given that: (1) Plaintiff has failed to plead he was anything more than at will employee; (2) an at-will employee has no cognizable "bad faith" discharge claim under Nevada law; (3) Plaintiff has not adequately pled that his discharge somehow violated Nevada public policy; and (4) the pleadings cannot support an action sounding in *quasi* contract or unjust enrichment,  Plaintiff's first claim for relief should be dismissed.

### 4.  Plaintiff's Second, Third, Sixth, Seventh, Eighth and Ninth Claims[16] Fail to State a Claim upon Which Relief May be

---

[15] Plaintiff's Amended Complaint, Paragraphs 51-52, Pages 22-23.

[16] Plaintiff's Amended Compliant appears to have two "Eighth Claims."  For purposes of this Motion, Defendants have treated the second "Eighth Claim" as a "Ninth Claim."

**Granted give than he is not the real part in interest has no standing to bring forth these claims.**

The captions for Plaintiff's second, third, sixth, seventh, eighth and ninth claims are listed below.

1. **Second** Cause of Action Fraud by Misrepresentation Mike Zaman, Montse Zaman, Crown Equity Holdings

2. **Third** Cause of Action Private action for Unlawful Manipulation of Securities under 9 (e) In Violation of Section 9 (a) (2) & (4) And authorization for a private right of action under 10 (b) And the 1933 act, Section 12 (2) Of the Securities Laws All Defendants

3. **Sixth** Cause of Action Breach of oral contract/Promissory Fraud promising the future value of CRWE Securities and seeking Benefit of the bargain damages of $0.25 per share, and $3.00 per share Mike Zaman, Montse Zaman, Crown Equity Holdings, Claudia McDowell, Lisa Odom, the McDowell Odom Law firm

4. **SEVENTH** CAUSE OF ACTION WHISTLEBLOWER FOR A New Variation of the ILLEGAL PUMP AND DUMP SCHEME ALL DEFENDANTS

5. **Eighth** Breach of Contract, failure of consideration Defendants: Mike Zaman, Montse Zaman and CROWN EQUITY HOLDINGS

6. **Eighth** Cause of Action Fraud by Concealment Claudia McDowell, Lisa ODOM, McDowell Odom Law Firm, Mike Zaman, Montse Zaman, and Crown Equity Holdings

Each of these claims is predicated on the alleged or implied fact that **__Plaintiff__** entered into a transaction involving the purchase or sale of a security.   Similarly, each of these claims is grounded in fraud.   In Paragraph 12 of the Amended Complaint, Plaintiff references certain subscription agreements utilized in the transactions alleged to have taken place whereby Plaintiff claims to have purchased the securities at issue. Paragraph 12 reads:

12.  Mike Zaman who is not an officer or director of Crown Equity Holdings

Santacroce Law Offices, LTD
706 S. 8th St Las Vegas, Nevada 89101
Telephone: (702) 598-1666 Fax: (702) 385-1327

Santacroce Law Offices, LTD
706 S. 8th St Las Vegas, Nevada 89101
Telephone: (702) 598-1666 Fax: (702) 385-1327

(CRWE.OB) personally sells stock in Crown Equity Holdings, and is and has done so through a subscription agreement, under SEC exemption Regulation "D" section 506, but without providing any prospectus, or submitting the same to the State or paying any exemption fee, accordingly Plaintiff is informed and believes that no prospectus or subscription agreement has been authorized for the State of Nevada in the year 2009, or at any time, and plaintiff further believes CRWE has never filed an S1 or other registration statement for their securities, but that all shares of the company have been sold in this fashion, or used to acquire labor or goods.

Paragraph 28 of the Amended Complaint reads:

28. In or about February 2009 Plaintiff was in Las Vegas at his office on Jones and was approached by mike Zaman to invest in his Company Crown Equity Holdings, Plaintiff was induced by Mike Zaman to invest a substantial amount of money to acquire shares in Crown Equity Holdings Inc, ("CRWE") the representations were that Plaintiff would make a large return of more than double his investment, and that the shares he was acquiring for $0.10 would be worth $0.25 by the end of 2010, the second part of this representation was that if Plaintiff did invest this money Crown Equity Holdings would fund Plaintiff's company the following, e.g. for the first for months, CRWE would fund $500,000 a month and on the 5th month CRWE would fund $50,000,000. The purpose of this funding was to acquire properties out of foreclosure to keep the homeowner in the property.

Copies of these subscription agreements and bank drafts used to purchase shares are included herewith (including the February 2009 transaction Plaintiff references in Paragraph 28) as Exhibit "B." **Quite plainly, Plaintiff has never _personally_, in his _individual_ capacity, engaged in any transaction for the purchase of securities from any of the Defendants**. To the extent that Plaintiff refers to any such transaction in his Amended Complaint, by necessity, he must be referring to transactions whereby the Nevada entity named River Ridge Holdings, LTD ("River Ridge") purchased securities. Absent any personal or individual purchase or sale of securities from any of the defendants, Plaintiff has no standing to plead Claim Numbers 2, 3, 6, 7, 8, and 9.

Santacroce Law Offices, LTD
706 S. 8th St Las Vegas, Nevada 89101
Telephone: (702) 598-1666 Fax: (702) 385-1327

**(d)   As to Plaintiff's Second, Third, Sixth, Seventh, Eighth and Ninth Claims (each grounded in fraud) Plaintiff has failed to Plead Facts Giving Rise to a strong inference of Securities Fraud.**

Section 10(b) of the Securities Exchange Act of 1934 prohibits fraud in the purchase or sale of a security. 15 U.S.C. § 78(b). To properly state a claim under Section 10(b) and Rule 10b-5 thereunder, Plaintiff must plead that: (1) Defendants made a material misrepresentation or omission, (2) Defendants acted with scienter, (3) there was a connection with the purchase or sale of a security, (4) Plaintiff relied on the alleged misrepresentation or omission, (5) Plaintiff suffered economic loss, and (6) the alleged misrepresentation or omission caused the loss from which Plaintiff seeks to recover damages. *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336 (2005) at 341-42.

Prior to 1995, the Ninth Circuit had already established that since Section 10(b) sounds in fraud, plaintiffs were required by Rule 9(b) to plead with particularity the time, place, and specific content of the false representations, as well as the identities of the parties making the misrepresentation. *See In re GlenFed Sec. Litig.*, 42 F.3d 1541, 1547-48 (9th Cir. 1994). Plaintiffs, however, were permitted to plead scienter more generally. *Id.*

In 1995, Congress concluded that more stringent pleading standards were required in order to deter "abusive securities fraud claims." *In re Silicon Graphics*, 183 F.3d at 973. Consequently, the Reform Act was enacted and requires Plaintiffs to plead "specific facts" that give rise to a "strong inference of scienter," defined as "intentional or deliberately reckless" misconduct. 15 U.S.C. § 78u-4(b)(2) (plaintiffs

must "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind"); *In re Silicon Graphics Inc.*, 183 F.3d at 974. The factual allegations must not only be particular, but also must "strongly imply [the defendant's] *contemporaneous* knowledge that the statement was false when made." *In re Read-Rite Corp.*, 335 F.3d 843, 847 (9th Cir. 2003).

Thus, a motion to dismiss under the Reform Act is quite a bit different than the usual Rule 12(b)(6) motion. "The [Reform Act] requires a plaintiff to plead a complaint for securities fraud with an unprecedented degree of specificity and detail. This is not an easy standard to comply with – and was not intended to be – a plaintiff must be held to it." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "The purpose of this heightened pleading requirement [is] to eliminate abusive securities litigation and particularly to put an end to the practice of pleading 'fraud by hindsight.'" *In re Vantive Corp. Sec. Litig.*, 283 F.3d 1079, 1084-85 (9th Cir. 2002).

Moreover, in conducting this inquiry, unlike a typical motion to dismiss, all inferences are not drawn in favor of Plaintiffs. Instead, the Supreme Court recently clarified that the court "must take into account plausible opposing inferences." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, U.S. 127 S. Ct. 2499, 2509 (2007). The Supreme Court explained that the strength of an inference depends on its particular context: "To determine whether the plaintiff has alleged facts that give rise to the requisite 'strong inference' of scienter, a court must consider plausible nonculpable explanations for the defendant's conduct, as well as inferences favoring the plaintiff." *Id.* at 2510. A complaint will survive a motion to dismiss under the Reform Act

Santacroce Law Offices, LTD
706 S. 8th St Las Vegas, Nevada 89101
Telephone: (702) 598-1666 Fax: (702) 385-1327

"only if a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged." *Id.* This focuses on whether the totality of allegations in a complaint gives rise to the requisite strong inference of scienter. *Id.*  Finally**, the Reform Act provides that if the above pleading requirements are not met, "the court *shall* ... dismiss the complaint** . . . ." 15 U.S.C. § 78u-4(b)(3) (emphasis added).

In the instant matter, Plaintiffs alleged claims of fraud or misrepresentation in the Second, Third, Sixth, Seventh, Eighth and Ninth causes of actions are based on alleged statements made by Defendant(s) *that the stock price would eventually rise*.  Such a prognostication if made cannot be sufficient.  Indeed, Plaintiff fails to plead that at the time such statements were made any of the Defendant(s) knew they were untrue. These claims should be dismissed as Plaintiff has not alleged specific facts giving rise to a strong inference of scienter.

When an entire complaint, or an entire claim within a complaint, is grounded in fraud and its allegations fail to satisfy the heightened pleading requirements of Rule 9(b), a district court may dismiss the complaint or claim. Though there is no explicit basis in the text of the federal rules for a dismissal of a complaint for failure to satisfy Rule 9(b), it is established law in this and other circuits that such dismissals are appropriate.[17]  A motion to dismiss a complaint or claim "grounded in fraud" under

---

[17] *See, e.g., Bly-Magee v. California,* 236 F.3d 1014, 1019 (9th Cir.2001) ("[T]he complete absence of particularity in Bly-Magee's first amended complaint fails to satisfy Rule 9(b). We therefore affirm the district court's dismissal ...." (citation omitted)); *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1424 (3d Cir.1997) ("[W]hile dismissal on Rule 12(b)(6) alone would not have been proper, the dismissal on Rule 9(b) grounds was."); *Lovelace v. Software Spectrum, Inc.,*78 F.3d 1015, 1021 (5th Cir.1996) ("Because we find that Plaintiffs

Santacroce Law Offices, LTD
706 S. 8th St Las Vegas, Nevada 89101
Telephone: (702) 598-1666 Fax: (702) 385-1327

Rule 9(b) for failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state a claim. If insufficiently pled averments of fraud are disregarded, as they must be, in a complaint or claim grounded in fraud, there is effectively nothing left of the complaint. In that event, a motion to dismiss under Rule 12(b)(6) would obviously be granted. Because a dismissal of a complaint or claim grounded in fraud for failure to comply with Rule 9(b) has the same consequence as a dismissal under Rule 12(b)(6), dismissals under the two rules are treated in the same manner. *See Lovelace,* 78 F.3d at 1017 ("We treat a dismissal for failure to plead fraud with particularity under Rule 9(b) as a dismissal for failure to state a claim upon which relief can be granted."); *Seattle-First Nat'l Bank v. Carlstedt,* 800 F.2d 1008, 1011 (10th Cir.1986) ("The dismissal of a complaint or counterclaim for failing to satisfy the requirements of Rule 9(b) is treated as a dismissal for failure to state a claim upon which relief can be *1108 granted under Fed. [R.] Civ. P. 12(b)(6).""). As with Rule 12(b)(6) dismissals, dismissals for failure to comply with Rule 9(b) should ordinarily be without prejudice. "[L]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 701 (9th Cir.1988) (internal quotation marks omitted) (alteration in original). *See also Bly-Magee,* 236 F.3d at 1019 (when dismissing for failure to comply with Rule 9(b) "leave to amend should be granted unless the district

---

have failed to adequately plead scienter under Rule 9(b), we hold that the district court did not err in dismissing Plaintiffs' claims for failure to plead fraud with particularity."); *Bankers Trust Co. v. Old Republic Ins. Co.,* 959 F.2d 677 (7th Cir.1992) (holding that the complaint should have been dismissed for failure to comply with Rule 9(b), but remanding to the district court for consideration of whether plaintiff should be permitted to amend).

Santacroce Law Offices, LTD
706 S. 8th St Las Vegas, Nevada 89101
Telephone: (702) 598-1666 Fax: (702) 385-1327

court determines that the pleading could not possibly be cured by the allegation of other facts") (internal quotation marks omitted); *Caputo v. Pfizer, Inc.,* 267 F.3d 181, 191 (2d Cir.2001) (where the plaintiff has requested leave to amend in the event the court is inclined to dismiss on Rule 9(b) grounds, "the failure to grant leave to amend is an abuse of discretion unless the plaintiff has acted in bad faith or the amendment would be futile"). *See also Eminence Capital v. Aspeon, Inc.,* 316 F.3d 1048 (9th Cir.2003).

> **5.  As to Plaintiff's First, Second, Third, Sixth, Seventh, Eighth and Ninth Claims Plaintiff cannot represent River Ridge (the real party in interest, indispensable to these proceedings) as he is not an attorney.**

It is well established that a corporation can only appear through an attorney. *See e.g. In re Highley,* 459 F.2d 554, 555 (9th Cir. 1972);  *United States v. 9.19 Acres of Land, 6 Cir.*, 1969, 416 F. 2d 1244, 1245; *Shapiro Bernstein & Co. v. Continental Record Co*., 2 Cir., 1967, 386 F.2d 426, 427; *Simbraw, Inc. v. United States,* 3 Cir., 1966, 367 F.2d 373; *DeVilliers v. Atlas Corp*., 10 Cir., 1966, 360 F.2d 292, 294. ("A corporation can appear in a court proceeding only through an attorney at law.") This of course has been extended to other forms of business entities.

When a corporate party fails to retain counsel, it is appropriate for the court to strike that party's pleadings. Fed. R. Civ. P. 12(f) (allowing a court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter"); *see e.g. Donovan v. Road Rangers Country Junction, Inc.,* 736 F.2d 1004, 1005 (5th Cir. 1984) ("[The *pro se* party] declined to hire counsel to represent the corporation so the district court properly struck the defenses of the corporation."); *see also Liberty*

Santacroce Law Offices, LTD
706 S. 8th St Las Vegas, Nevada 89101
Telephone: (702) 598-1666 Fax: (702) 385-1327

Santacroce Law Offices, LTD
706 S. 8th St Las Vegas, Nevada 89101
Telephone: (702) 598-1666 Fax: (702) 385-1327

*Mutual Insurance Co. v. Hurricane Logistics Company,* 216 F.R.D. 14, 16 (D.D.C. 2003) ("If a corporate defendant does not retain counsel, the court may strike the corporation's answer.") (citing *Donovan,* 736 F.2d at 1005).

Here, the First cause of action directly involves the Consulting Agreement as between River Ridge (the indispensable party) and Defendant Crown. Plaintiff's Second, Third, Sixth, Seventh, Eighth and Ninth claims of the Amended Complaint, resting on the allegation of a sale or purchase of securities should be stricken as the only real party in interest would have been the River Ridge Holdings. River Ridge, however, cannot be represented by Plaintiff. As a business entity, if it intends to appear in this litigation, River Ridge must retain the services of an attorney licensed to practice in this Court. The appropriate consequence of the Nevada Entities' failure to retain counsel is to strike the improperly pled claims filed by Plaintiff.

### 6.   Plaintiff's Fourth Cause of Action for Defamation Per Se should be dismissed for Failure to State a Claim Upon which Relief May be Granted.

Plaintiff's fourth cause of action is entitled: "Fourth Cause of Action for Defamation Per Se By written Libel Mike Zaman, Montse Zaman, Crown Equity Holdings, and Yahoo ID Doe One dimitri_rostonov3, Doe Two karl_chamizer And Doe Three danny_preston45."

Plaintiff alleges the following offending written statements in his complaint as to

115.   On or about November 24, 2010 Mike Zaman from Las Vegas Nevada sent out an email, publishing by Libel, to third unprivileged parties, namely; Claudia McDowell, Lisa Odom, ken Bosket, Ron Gunderson, Mario Sanders, and Mario Barton stating as a fact That Plaintiff was a blackmailer. A Crime punishable as a felony.

116.   On November 27, Mike Zaman acting for himself, his wife Montse Zaman and Crown Holdings published a statement on the CRWE message board calling Plaintiff a "THIEF" an "Extortionist", and a "BLACKMAILER",

Plaintiff is not a thief, extortionist or blackmailer. The statements were in written form.

117.   On November 27 Yahoo ID Doe One dimitri rostonov3, Doe Two karl_charnizer And Doe Three danny_preston45, made comments on the CRWE message board that Plaintiff a "THIEF" an "Extortionist", and a "BLACKMAILER", Plaintiff is not a thief, extortionist or blackmailer. These statements were written.

To establish a prima facie case of defamation, a plaintiff must prove: (1) a false and defamatory statement by defendant concerning the plaintiff; (2) an unprivileged publication to a third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages. See *Chowdhry v. NLVH, Inc.,* 109 Nev. 478, 483, 851 P.2d 459, 462 (1993). Under the rule established in *New York Times Co. v. Sullivan*, 376 U.S. 254, 279-80, 84 S. Ct. 710, 11 L.Ed.2d 686 (1964), a media defendant may not be held liable for damages in a defamation action involving a public official plaintiff unless "actual malice" is pleaded and proven. This rule was extended to **public figure plaintiffs**. *Curtis Publishing Company v. Butts*, 388 U.S. 130, 87 S.Ct. 1975, 18 L.Ed.2d 1094 (1967).[18]

Libel, in turn, is defined by Nevada statute as a malicious defamation, expressed by printing, writing, signs, pictures or the like, tending to blacken the memory of the dead, or to impeach the honesty, integrity, virtue, or reputation, or to publish the natural defects of a living person or persons, or community of persons, or association of persons, and thereby to expose them to public hatred, contempt or ridicule. *NRS* 200.510(1).

In addition to Nevada's requirement that a plaintiff prove libel per se or

---

[18] See also, *Wynn v. Smith* 117 Nev. 6, 11, 16 P.3d 424, 427 (Nev., 2001).

Santacroce Law Offices, LTD
706 S. 8th St Las Vegas, Nevada 89101
Telephone: (702) 598-1666 Fax: (702) 385-1327

special damages, the First Amendment places additional restrictions upon a plaintiff's ability to bring an action for libel. In 1964, the Supreme Court held that public officials must prove their defendants made the defamatory statement with actual malice or "knowledge that it was false or with reckless disregard for whether it was false or not." *New York Times v. Sullivan*, 376 U.S. 254, 280, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964). Later the Supreme Court extended the actual malice standard to public figures. *Curtis Publishing Co. v. Butts*, 388 U.S. 130, 155, 87 S.Ct. 1975, 18 L.Ed.2d 1094 (1967).

Exhibit "H" (a formal announcement released by the State of Nevada Office of the Attorney General regarding Plaintiff Ferm) details that he was a radio persona, a talk show host for the show "Straight Talk" broadcast on the radio station KKVV 1060 for almost 10 years. This, in addition to his general notoriety within the community, makes Plaintiff a public figure. In light of this Plaintiff has failed to plead adequately as it pertains to a cause of action for defamation or libel *per se*. He failed to plead that the alleged defamatory statement or writing was made with actual malice or "knowledge that it was false or with reckless disregard for whether it was false or not." As a result Plaintiff's fourth cause of action should be dismissed.

## IV. CONCLUSION

For the reasons set forth herein, Defendants respectfully request this Court to dismiss Plaintiff's Amended Complaint. He has failed to join an indispensable party which if joined would result in a lack of diversity jurisdiction and he has

failed to state a claim upon which relief may be granted. Alternatively, Defendant(s) request this Court strike each or any of the claims in the Amended Complaint for the reasons as set forth herein.

Dated: January 5, 2011

FREDERICK SANTACROCE, ESQ.
/s/ Frederick Santacroce

_____
FREDERICK SANTACROCE, Esq.
Nevada Bar No. 5121
LAW OFFICES OF FREDERICK SANTACROCE, ESQ.
706 S. 8th St Las Vegas, Nevada 89101
Telephone: (702) 598-1666 Fax: (702) 385-1327
Attorney for Defendants Crown Equity Holdings, Inc.;
Mike Zaman; and Montse Zaman

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on January 5, 2011 and paper copies will be sent to those indicated as non-registered participants on January 6, 2011.

DATED this 5th day of January 2011.

FREDERICK SANTACROCE, ESQ.
/s/ Frederick Santacroce

_____
FREDERICK SANTACROCE, Esq.
Nevada Bar No. 5121
LAW OFFICES OF FREDERICK SANTACROCE, ESQ.
706 S. 8th St Las Vegas, Nevada 89101
Telephone: (702) 598-1666 Fax: (702) 385-1327
Attorney for Defendants Crown Equity Holdings, Inc.;
Mike Zaman; and Montse Zaman

**Santacroce Law Offices, LTD**
706 S. 8th St Las Vegas, Nevada 89101
Telephone: (702) 598-1666 Fax: (702) 385-1327